UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT CALDERON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL NO. SA-14-CA-881-XR (PMA) |
| | § | |
| BANDERA COUNTY, | § | |
| BANDERA COUNTY SHERIFF'S OFFICE, | § | |
| JAMES MCMILLAN, | § | |
| NOAH HERNANDEZ, Deputy, | § | |
| WELDON TUCKER, Deputy, | § | |
| DELLA BAKER, Jail Administrator, | § | |
| LANCE COLEMAN, Texas Ranger, | § | |
| Deputy Chief FNU BAKER, | § | |
| Deputy FNU FEY, | § | |
| TAMMY KNEUPER, Clerk, | § | |
| DANNY MASTERS, Deputy, | § | |
| STEVEN WADSWORTH, Assistant | § | |
| District Attorney, | § | |
| BRUCE CURRY, District Attorney, and | § | |
| STEPHEN B. ABLES, Judge, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The matter before the Court is the status of this cause. Plaintiff Robert Calderon, currently

an inmate at the Galveston County Jail, has filed this action pursuant to 42 U.S.C. Section 1983

seeking monetary damages for alleged police brutality and illegal detention. For the reasons set forth

in detail below, all of plaintiff's claims are barred by the two-year statute of limitations applicable

to Section 1983 claims, some are barred by the doctrine of absolute judicial immunity, and others

are barred by the doctrine of qualified immunity and the Supreme Court's holding in *Heck v.*

*Humphrey;* all are dismissed as frivolous and for failure to state a cause of action pursuant to 28 U.S.C. Sections 1915(e) and 1915A.

## I. Background

Plaintiff was convicted under the name Roberto Calderon in Kerr County cause no. A05-129-1 in the 216th Judicial District Court of Texas of evading arrest and sentenced to serve a two-year term of imprisonment. *Ex parte Roberto Calderon*, WR-40,814-02, 2007 WL 274229 (Tex. Crim. App. Jan. 31, 2007). Plaintiff did not appeal his conviction or sentence but, in November, 2006, filed an application for state habeas corpus relief which, on June 6, 2007, the Texas Court of Criminal Appeals denied without written order based on the findings of the state trial court made without a hearing. *Ex parte Roberto Calderon*, WR-40,814-02 (Tex. Crim. App. June 6, 2007).

Plaintiff entered a plea of no contest on February 27, 2007 in Bandera County cause no. CR-3720-04, was convicted under the name Roberto Calderon of indecency with a child, and sentenced to serve a two-year term of imprisonment. *Ex parte Robert Calderon*, WR-40,814-03, 2008 WL 4532759 (Tex. Crim. App. Oct. 8, 2008). Plaintiff filed a state habeas corpus application arguing, in part, that he had not been properly credited with time served while a detainer had been lodged against him. In an unpublished Opinion issued December 17, 2008, the Texas Court of Criminal Appeals granted plaintiff relief in the form of 157 additional days of credit against his sentence and ordered plaintiff immediately discharged. *Ex parte Robert Calderon*, AP-76,057, 2008 WL 5245347 (Tex. Crim. App. Dec. 17, 2008). Plaintiff filed a second application for state habeas corpus relief challenging his Bandera county conviction which the Texas Court of Criminal Appeals dismissed because plaintiff's sentence was discharged. *Ex parte Roberto Calderon*, WR-40,814-04 (Tex. Crim.

App. Sept. 14, 2011).  In November, 2014, plaintiff filed two other state habeas corpus applications challenging his Bandera County conviction which have not yet been resolved by the state courts, i.e., WR-40,814-05 and WR-40,814-06.

Plaintiff Robert Calderon initially filed this  civil rights action on October 6, 2014 in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. Section 1983 naming as defendants the City of Bandera, Bandera County, and the Bandera County Sheriff's Department and alleging that (1) on or about July 11, 2008 he was falsely incarcerated on unspecified charges, (2) he was detained for 157 days, during which he lost a mobile home, two cars, and various items of personal property totaling $75,000 in value, (3) plaintiff suffered mental anguish as a result of his false arrest, illegal detention, and exposure to filthy jail conditions which has caused plaintiff to suffer a poor diet, and other physical and psychological disorders, including lack of sleep, kidney and bladder failure, impaired vision, malnutrition, and chronic stomach and back pain. (ECF no. 1)  Plaintiff named as defendants the City of Bandera, Bandera County, and the Bandera County Sheriff's Department and sought damages of $75.00 for property loss, $500,000 for his false imprisonment and resulting personal injuries, and two million dollars in punitive damages. Plaintiff's original complaint was not accompanied by either the filing fee of three hundred fifty dollars or by a complete In Forma Pauperis application accompanied by a certified copy of plaintiff's inmate trust account statement for the past six months, as required by 28 U.S.C. Section 1915(a)(2).

Following transfer of plaintiff's lawsuit to this Court, in a Show Cause Order issued October 14, 2013 (ECF no. 5), the Magistrate Judge directed plaintiff to file a complete In Forma Pauperis application, together with a certified copy of plaintiff's inmate trust account statement and to file an amended complaint addressing the legal deficiencies noted by the Magistrate Judge, including

plaintiff's apparent failure to bring this action within the two-year statute of limitations applicable to such claims.

On October 30, 2014, plaintiff filed a motion for leave to proceed In Forma Pauperis (ECF no. 6), a motion for discovery (ECF no. 7), and motion for declaratory judgment (ECF no. 8), and an amended complaint (ECF no. 9).  In his amended complaint, plaintiff added twelve new defendants (but deleted the City of Bandera as a defendant) and several new factual allegations all relating to either (1) plaintiff's interrogation on or about March 25, 2004, (2) plaintiff's arrest (during which plaintiff alleges he was subjected to excessive force) and interrogation (during which plaintiff alleges he was tortured) on or about April 1, 2004, (3) plaintiff's subsequent criminal prosecutions in Bandera County criminal cause no. 3720-04 and Kerr County criminal cause no. A05-129, (4) plaintiff's claims he was the subject of a conspiracy to coerce plaintiff into pleading nolo contendere or guilty in both of those criminal proceedings, (5) the failure of a state district judge to properly state on a judgment that plaintiff's sentences in the two criminal cases were to run concurrently (which plaintiff alleges resulted in plaintiff serving 487 days of illegal confinement) and (6) the failure of a Texas Ranger to investigate  plaintiff's claims of excessive force, torture, and illegal detention.  In his amended complaint, plaintiff identifies fourteen defendants and requests ten million dollars in compensatory and punitive damages.

## II. Standard of Review Under 28 U.S.C. § 1915A

Congress has directed federal courts to review, before docketing if feasible or as soon after docketing as practicable, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  This requirement applies regardless of whether a prisoner has qualified to proceed In Forma Pauperis pursuant to 28 U.S.C.

§ 1915(a)(1).  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999) (holding dismissal as frivolous under Section 1915A is permissible regardless of whether the plaintiff has paid the filing fee or has qualified to proceed In Forma Pauperis under Section 1915).  In the course of this review, the federal courts must dismiss any claim which is either (1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 134 S. Ct. 80, 187 L. Ed. 2d 62 (2013); *Martin v. Scott*, 156 F.3d at 579-80; 28 U.S.C. § 1915A(b).  28 U.S.C. § 1915A(c) defines the term "prisoner" broadly to include not only persons incarcerated for criminal offenses but also persons detained pending adjudication of a criminal charge or for violation of the terms of parole, probation, or other diversionary programs.  28 U.S.C. § 1915A(c).

In the course of conducting the review mandated by Section 1915A(b), federal courts accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).  The dismissal of a claim pursuant to Section 1915A(b) for failure to state a claim upon which relief may be granted is appropriate when the plaintiff fails to plead facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).  This is the same standard applied to dismissals under FED. R. CIV. P. 12(b)(6) for failure to state a claim for relief that is plausible on its face.  *Id.*  Likewise, when reviewing a complaint for possible dismissal as frivolous under § 1915A(b)(1), a federal court applies the same legal standard as that used to dismiss claims as frivolous under § 1915 (e)(2)(B)(i).  *See Morris*, 702 F.3d at 189 (holding dismissal of a claim as

frivolous under § 1915A(b)(1) is appropriate if it does not have an arguable basis in law or fact). Pursuant to Section 1915A(b)(1), this Court must sua sponte review plaintiff's claims under both the frivolous standard of Section 1915(e)(2)(B)(i) and the failure to state a claim standard of Rule 12(b)(6).

### III. <u>Standard of Review Under FED.R.CIV.P. 12(b)(6)</u>

The pleading standard set forth in FED.R.CIV.P. 8(a)(2) (which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief") does not require detailed factual allegations but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Central States, Southeast and Southwest Areas Health and Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555; *Central States*, 756 F.3d at 360. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it renders "naked

assertions" devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

## IV. <u>Standard for Review Under Sections 1915(e)(2)(B)</u>

When Congress enacted the Prison Litigation Reform Act of 1996 ["PLRA"], it specifically amended 28 U.S.C. Section 1915(e)(2)(B)(i) and added new Section 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). Therefore, plaintiff's claims herein are subject to review under Sections 1915(e) and 1915A(b) for dismissal as frivolous regardless of whether he paid any portion of the filing fee in this cause. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

28 U.S.C. Section 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under Section 1915(e). *Neitzke v. Williams*, 490 U.S. at 327; *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (holding it appropriate for a district court to *sua sponte* determine whether a claim was barred by limitations); *Schultea v. Wood*, 47 F.3d at 1434. Dismissal of a claim as frivolous under Section 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Harris v. Hegmann*, 198 F.3d at 156; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers v. Boatright*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Harris v. Hegmann*, 198 F.3d at 156; *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 32-33; *Rogers v. Boatright*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire), *cert. denied*, 560 U.S. 944 (2010); *Samford v. Dretke*, 562 F.3d at 678; *Harris v. Hegmann*, 198 F.3d at 156 (holding a complaint is factually frivolous when the facts alleged are fantastic or delusional or the legal theory upon which a complaint relies is indisputably meritless); *Davis v. Scott*, 157 F.3d at 1005 (holding the Magistrate had no duty to ask specific questions during a *Spears* hearing and that the plaintiff remains master of his complaint and is responsible for articulating the facts that give rise to a cognizable claim).  The Magistrate Judge's Show Cause issued October 14, 2013 (ECF no. 5) furnished plaintiff a detailed explanation of the law applicable to plaintiff's section 1983 claims herein and an opportunity for plaintiff to cure the defects identified by the Magistrate Judge.

Typical examples of claims which can be dismissed pursuant to Section 1915(e) include (1) claims against which it is clear that the defendants are immune from suit (*Neitzke v. Williams*, 490 U.S. at 327; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity; *Boyd v. Biggers,* 31 F.3d 279, 284-85 (5th Cir. 1994) (holding the same)); (2) claims of infringement of a legal interest that clearly does not exist (*Neitzke v. Williams*, 490 U.S. at 327; *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) (upholding dismissal as frivolous of complaints about prison grooming regulations); *Davis v. Scott*, 157 F.3d at 1005 (holding, absent allegations the plaintiff suffered a physical injury, plaintiff's complaints that he was assigned to a filthy cell for three days did not raise even an arguable basis for relief under the Eighth Amendment); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (holding a state prisoner possessed no constitutionally-protected right to grow a beard or his hair long); *Biliski v. Harborth*, 55 F.3d at 162 (holding a state prisoner's equal protection claims arising out of his being housed at a County jail did not invoke any federal constitutional rights); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (affirming the dismissal as frivolous of a claim by a convicted prisoner that he had been denied the opportunity to attend religious and educational classes with the general inmate population based upon his diagnosis as a mental patient)); and (3) claims which are barred by limitations (*Harris v. Hegmann*, 198 F.3d at 156; *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991).

A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly

incredible, regardless of whether there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. at 32-33; *Harris v. Hegmann*, 198 F.3d at 156; *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993).  A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(e) whenever it appears that the claim has no arguable basis in law or fact.  *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (upholding dismissal as frivolous of prisoner's complaint about the confiscation of a medical pass that was re-issued the same date it was confiscated); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (upholding dismissal as frivolous of prisoner's complaints (1) about alleged failure of prison officials to investigate prisoner's grievances against prison mail room and security staff, (2) of retaliation based upon plaintiff's failure to exhaust administrative remedies, and (3) about allegedly negligent loss of property); *Velasquez v. Woos*, 329 F.3d 420, 421 (5th Cir. 2003) (upholding dismissal as frivolous of prisoner's complaint about collection of DNA sample from plaintiff).

In an action proceeding under Section 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.  *Harris v. Hegmann*, 198 F.3d at 156 (recognizing the propriety of a district court's raising the defense of limitations *sua sponte*); *Schultea v. Wood*, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action based on the doctrine of qualified immunity); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (limitations); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (limitations).  Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.  *Brewster v. Dretke*, 587 F.3d at 767 ("The district court may dismiss an *in forma*

*pauperis* proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met.").

## V. <u>Section 1983 Generally</u>

42 U.S.C. Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 134 S. Ct. 1789, 188 L. Ed. 2d 771 (2014); *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008); *Hernandez ex rel. Hernandez v. Texas Department of Protective and Regulatory Services*, 380 F.3d 872, 879-80 (5th Cir. 2004). There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014); *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013); *Wyatt v. Fletcher*, 718 F.3d 496, 517 (5th Cir. 2013). In order to state a cause of action under Section 1983, a plaintiff must allege facts establishing that an otherwise private defendant acted "under color" of state law. *Rundus v. City of Dallas, Texas*, 634 F.3d 309, 312 (5th Cir. 2011) (to show there is state action by an otherwise private entity, the plaintiff must show either (1) the private entity's action represents an official-City policy or custom or (2) the defendant's action in enacting and enforcing the restriction is "fairly attributable" to the City), *cert. denied*, ___ U.S. ___, 132 S. Ct. 107, 181 L. Ed. 2d 33 (2011); *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (holding no §1983 liability could exist with regard to private defendants absent allegations the non-governmental defendants acted in concert with a governmental entity to deprive the plaintiff of his

rights); *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, 504 U.S. 965

(1992).  Stated somewhat differently, a claim for relief under 42 U.S.C. § 1983 must contain two

elements: (1) that plaintiff has been deprived of a right secured by the Constitution or laws of the

United States; and (2) that the defendant acted under color of state law.  *Kovacic v. Villarreal*, 628

F.3d 209, 213 (5th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2995, 180 L. Ed. 2d 821 (2011);

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (a person acts under color of state law

if he misuses "power" possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.

1989).

> Whether an officer is acting under color of state law does not depend on his on- or
> off-duty status at the time of the alleged violation.  Rather, the court must consider:
> (1) whether the officer "misuse[d] or abuse[d] his official power," and (2) if "there
> is a nexus between the victim, the improper conduct, and [the officer's] performance
> of official duties."  If an officer pursues personal objectives without using his official
> power as a means to achieve his private aim, he has not acted under color of state
> law.

*Bustos v. Martini Club Inc.*, 599 F.3d at 464-65 (*Footnotes omitted*).

Thus, not all actions of a state official are necessarily taken under color of state law; where the

actor's motivation was personal and the actor did not invoke or use any official authority, there is

an absence of a showing of action "under color of state law."  *Bryant v. Military Department of*

*Mississippi*, 597 F.3d 678, 686-87 (5th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 287, 178

L. Ed. 2d 141 (2010).

Insofar as plaintiff complains that the defendants failed to comply with a variety of state

statutes and code provisions, including various provisions of the Texas Code of Criminal Procedure

in connection with plaintiff's criminal prosecutions, that claim is *non sequitur*. Absent some showing that the defendants violated plaintiff's *federal* constitutional rights, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 352 (5th Cir. 2012) ("[A]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (holding alleged violations of TDCJ procedural rules regarding notice and the right to call witnesses and present documentary evidence at a disciplinary hearing did not present an arguable basis to support a due process claim); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional requirements are met); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995) (holding a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional requirements are met).

Finally, mere negligence by a state official does not give rise to Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986). A showing of merely negligent conduct by an official is insufficient to overcome the defense of qualified immunity. *Whitley v. Hanna*, 726 F.3d at 643 ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity."); *Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 410 (5th Cir. 2007) (negligence will not

13

support the denial of qualified immunity); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (holding the same).  Negligent failure to supervise or train does not satisfy the "deliberate indifference" standard and will likewise not support a Section 1983 claim against a municipal entity. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989) (holding only a showing of deliberate indifference by municipal policy makers will support Section 1983 liability based on a failure-to-train claim); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 170 (5th Cir. 2010) ("'Unintentionally negligent oversight' does not satisfy the deliberate indifference standard."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 3059, 180 L. Ed. 2d 887 (2011); *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (holding the same), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2094, 179 L. Ed. 2d 890 (2011).

## VI. No Supervisory Liability Under Section 1983

Plaintiff has named as defendants a number of individuals whom plaintiff does not allege ever had any personal involvement in any of the incidents about which plaintiff complains.  Among these are Bandera County Sheriff James McMillan, Deputy Chief Baker, Clerk Tammy Kneuper, District Attorney Bruce Curry, and Texas Ranger Lance Coleman.  Plaintiff has not alleged any specific facts showing these defendants were personally involved in any of the incidents which led to plaintiff's arrest on or about April 1, 2004 or plaintiff's subsequent criminal prosecutions.  Vicarious liability does not apply to Section 1983 claims. *See Connick v. Thompson*, ___ U.S. ___, ___, 131 S. Ct. 1350, 1359-60, 179 L. Ed. 2d 417 (2011) (municipality could not be held liable under section 1983 absent proof its failure to adequately train its employees rose to the level of deliberate indifference to the rights of its citizens); *Iqbal*, 556 U.S. at 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

14

*superior); Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978) (a local government may not be sued under § 1983 for injury inflicted solely by its non-policymaking employees or agents).  Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of *respondeat superior* does not apply to such actions.  *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under Section 1983, a government official may be held liable solely for his own conduct).  Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.  *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 169 (5th Cir. 2010) ("To support a supervisory liability claim, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 3059, 180 L. Ed. 2d 887 (2011).

Generally, a supervisor may be held liable only if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor implemented or enforced unconstitutional policies which actually resulted in the plaintiff's injuries. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).  A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation.  *See Porter v. Epps*, 659 F.3d at 446 ("A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between

15

the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"); *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010) (supervisor may be held liable under Section 1983 for failure to train or supervise subordinates if (1) the supervisor failed to train or supervise, (2) a causal link exists between the failure and violation of plaintiff's rights, and (3) the failure to train or supervise amounts to deliberate indifference), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2932, 180 L. Ed. 2d 225 (2011). Merely negligent or incompetent supervision cannot form a basis for liability under Section 1983; the supervisor's actions or inactions must rise to the level of "deliberate indifference." *Id.*

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson,* — U.S. ——, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (internal quotation marks omitted, alteration in original) (quoting *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). To establish that a state actor disregarded a known or obvious consequence of his actions, there must be "actual or constructive notice" "that a particular omission in their training program causes...employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program." *Id.* (citing *Bryan Cnty.,* 520 U.S. at 407, 117 S. Ct. 1382). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

*Porter v. Epps*, 659 F.3d at 446-47.

Plaintiff has alleged no specific facts showing the supervisory individuals named as defendants in Plaintiff's Amended Complaint had any personal involvement in or personal knowledge of any of the matters about which plaintiff complains in this Section 1983 lawsuit.

## VII. <u>Prosecutorial Immunity</u>

In addition, plaintiff has failed to allege any specific facts involving the District Attorney Bruce Curry or Assistant District Attorney Steven Wadsworth sufficient to overcome the doctrine of prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e, when acting as advocates of the state. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002). Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Pachtman*, 424 U.S. at 427-31.

"[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers*, 31 F.3d at 285 (*quoting Buckley v. Fitzsimmons*, 509 U.S. at 273, 113 S. Ct. at 2615 ("Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial.")); *see also Spivey v. Robertson*, 197 F.3d 772, 775-76 (5th Cir. 1999) (holding prosecutors were absolutely immune from liability under §1983 for advising police regarding probable cause to obtain arrest warrant where prosecutors merely evaluated evidence brought to them and did not attest to the truth of that information), *cert. denied*, 530 U.S. 1229 (2000). Thus, prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *See Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (holding a prosecutor is absolutely

17

immune in connection with the initiation of a criminal proceeding except when personally acting as a complaining witness); *Mowbray v. Cameron County*, 274 F.3d at 276-77 (holding prosecutors absolutely immune for their decisions on which witnesses to call and what evidence to present, choosing expert witnesses, and preparing those witnesses for trial); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (holding a prosecutor pro tem (special prosecutor) absolutely immune for conduct before the grand jury), *cert. denied*, 534 U.S. 817 (2001).

"To determine whether prosecutorial immunity applies, we thus ask '(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity.'" *Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011) (holding federal prosecutor not entitled to absolute immunity for delivery of defendant's tax records to state ethics commission following acquittal of defendant in federal criminal proceeding); *Hoog-Watson v. Guadalupe County, Texas*, 591 F.3d 431, 438 (5th Cir. 2009) (holding prosecutor not entitled to absolute immunity for conduct engaged in while assisting in investigation of plaintiff's property). *But contrast Van de Kamp v. Goldstein*, 555 U.S. 335, 341-49 (2009) (holding absolute prosecutorial immunity applied to supervisory prosecutors accused of having failed to (1) adequately train trial prosecutors in their duties to criminal defendants to disclose impeachment evidence and (2) implement a system to collect and transmit to defense counsel impeachment evidence from jailhouse informants and other sources).

In addition, even if the actions about which plaintiff complains herein were undertaken by the prosecutor without regard to any pending judicial proceeding, the prosecutor is still entitled to the protection afforded by the doctrine of qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. at

273; *Burns v. Reed*, 500 U.S. at 495-96; *Brown v. Lyford*, 243 F.3d at 189-90 (a special prosecutor was entitled to qualified immunity with regard to complaints about his investigation into an alleged offense).  The determination of whether a prosecutor's actions are entitled to absolute, as opposed to merely qualified, immunity turns on a functional approach under which the prosecutor is absolutely immune when acting as an advocate for the State.  *Burns v. Reed*, 500 U.S. at 491; *Mowbray v. Cameron County*, 274 F.3d at 276-77.

Plaintiff has alleged no specific facts showing that the actions of District Attorney Curry or Assistant District Attorney Wadsworth about which plaintiff complains in this lawsuit fell outside the proper scope of the duties of a prosecuting attorney or outside the advocacy role of a prosecutor. Instead, plaintiff alleges in conclusory fashion only that he has been maliciously prosecuted following an arrest made on or about April 1, 2004 and those prosecutions both resulted in plaintiff entering pleas of either guilty or *nolo contendere*.   Plaintiff alleges no personal involvement by the Criminal District Attorney Curry or Assistant District Attorney Wadsworth in any action outside the proper scope of a prosecuting attorney.  Negotiating a plea bargain which results in a criminal conviction, even if negotiating in a harsh manner, does not take a prosecutor's actions outside the proper scope of a prosecuting attorney.  Plaintiff has alleged no facts specific showing that any of the additional charges which prosecuting attorneys threatened to bring against plaintiff were without arguable factual basis.

## VIII. Absolute Judicial Immunity

Plaintiff's claims against Judge Stephen B. Ables fail to furnish an arguable basis for liability under Section 1983 because Judge Ables is protected from suit, as well as liability, for any actions

performed by him in his role as a state district court judge.  "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority."  *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990).  It is hornbook law, settled in our jurisprudence for over a century, that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction.  *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges from liability for all actions taken in their judicial capacities, so long as they do not act in a clear absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  It is well-settled that the doctrine of absolute judicial immunity protects judicial officers not only from liability, but also from suit.  *Mireles v. Waco*, 502 U.S. at 11; *Davis v. Tarrant County, Texas*, 565 F.3d at 221; *Ballard v. Wall*, 413 F.3d at 515.  The doctrine of absolute judicial immunity applies to judicial acts of judges acting within their jurisdiction even in suits brought pursuant to 42 U.S.C. Section 1983.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Mays v. Sudderth*, 97 F.3d at 111.

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. at 11-12; *Davis v. Tarrant County, Texas*, 565 F.3d at 221; *Ballard v. Wall*, 413 F.3d at 515.  Examination of the cases cited by the Supreme Court in its opinion in *Mireles* illuminates the narrowness of each such exception to the general rule of absolute judicial immunity. As will be discussed in detail below, none of the actions of Judge Ables alleged by plaintiff in his Amended Complaint fall within either of these two narrow exceptions to the general rule of absolute judicial immunity.

20

This Court takes judicial notice of the fact that, at all times relevant to plaintiffs' claims herein, Judge Ables served as a Texas state district judge, a position which, like the state judge involved in *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978), involves presiding over a state trial court of general jurisdiction.

"Judges are absolutely immune from liability for judicial actions unless performed in clear absence of jurisdiction.  The alleged magnitude of the error or mendacity of the acts is irrelevant." *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991) (*citations omitted*).  Thus, a plaintiff cannot overcome judicial immunity merely by making allegations of bad faith or malice.  *Mireles v. Waco*, 502 U.S. at 11; *Ballard v. Wall*, 413 F.3d at 515; *Malina v. Gonzales*, 994 F.2d at 1125.  "The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity."  *Mitchell v. McBryde*, 944 F.2d at 230. Mistakes or erroneous rulings do not deprive a judge of all jurisdiction.  *Stump v. Sparkman*, 435 U.S. at 359 ("grave procedural errors do not deprive a judge of all jurisdiction.").  "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority."  *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990) (upholding the imposition of Rule 11 sanctions based upon a civil rights plaintiff's assertion of claims against a state district judge).  For these reasons, allegations of bad faith and malice against a judicial officer fail to state a cognizable cause of action under the federal civil rights laws.

In determining whether a judge's actions were "judicial in nature," the federal courts consider whether (1) the precise act complained of is a normal judicial function; (2) the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) the controversy centered

21

around a case pending before the court; and (4) the acts arose directly out of a visit to the judge in his official capacity. *Davis v. Tarrant County, Texas*, 565 F.3d at 222; *Ballard v. Wall*, 413 F.3d at 515; *Malina v. Gonzales*, 994 F.2d at 1124; *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Mireles*, 502 U.S. at 12; *Stump v. Sparkman*, 435 U.S. at 362. These four factors are broadly construed in favor of immunity and the absence of one or more factors does not prevent a determination that judicial immunity applies in a particular case. *Davis v. Tarrant County, Texas*, 565 F.3d at 223; *Ballard v. Wall*, 413 F.3d at 515; *Malina v. Gonzales*, 994 F.2d at 1124; *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied*, 474 U.S. 1101 (1986).

Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Ballard v. Wall*, 413 F.3d at 517; *Malina v. Gonzales*, 994 F.2d at 1125; *Adams v. McIlhany*, 764 F.2d at 298. For purposes of immunity, the judge's jurisdiction is construed broadly and a judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. *Davis v. Bayless*, 70 F.3d at 373. Because some of the most difficult questions a judge must decide relate to the scope of his own jurisdiction, the proper inquiry is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. *Ballard v. Wall*, 413 F.3d at 517; *Davis v. Bayless*, 70 F.3d at 373.

While the doctrine of judicial immunity applies to claims against judges in their individual capacities, Texas judges are entitled to Eleventh Amendment immunity for claims asserted against

them in their official capacities.  *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996);

*Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985), *cert. denied*, 474 U.S. 517 (1985).

Plaintiff has not alleged any specific facts showing the actions of Judge Ables about which plaintiff complains in this Section 1983 were taken in a clear absence of all jurisdiction.  Nor has plaintiff alleged any specific facts showing Judge Ables was acting in any capacity other than that of a state district judge when Judge Ables accepted plaintiff's plea of nolo contendere and issued the judgment which plaintiff alleges erroneously failed to indicate plaintiff's sentence would run concurrently with a separate sentence in a different case.  Even if Judge Ables negligently failed to properly designate the plaintiff's sentence as running concurrently with plaintiff's other criminal sentence, that alleged error does not take Judge Ables' actions outside the scope of those actions ordinarily performed by a state trial court judge for which Judge Ables is entitled to absolute judicial immunity.

### IX. *Heck v. Humphrey* Foreclosure of Collateral Attacks upon Plaintiff's Convictions

Insofar as plaintiff argues he was coerced or tortured until he confessed and entered pleas of guilty or nolo contendere in his two state criminal cases (i.e., Bandera County cause CR-3720-04 and Kerr County cause A05-129), plaintiff's attacks upon his state criminal convictions are foreclosed by the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994), in which the Supreme Court unequivocally held that no cause of action exists under Section 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional conviction or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, unless the state prisoner can show that the state criminal conviction he is collaterally

attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so.  *See Heck v. Humphrey*, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983. * * * Even a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

The Fifth Circuit has applied the rule announced in *Heck* in a wide range of contexts.  *See, e.g., Morris v. McAllester*, 702 F.3d 187, 189-90 (5th Cir. 2012) ("Under *Heck,* a §1983 plaintiff may not recover damages for an unconstitutional conviction or for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' until he has shown that the conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.' "), *cert. denied*, ___ U.S. ___, 134 S. Ct. 80, 187 L. Ed. 2d 62 (2013); *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) ("It is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'").

Thus, even if plaintiff has discharged his sentences in both Bandera County cause 3720-04 and Kerr County cause A05-129, his claims herein attacking his convictions in those two cases are foreclosed by the rule announced in *Heck*. Plaintiff has not alleged any facts showing that his convictions in either of those cases were ever abrogated, vacated, or otherwise set aside. Even if, as plaintiff alleges in his Amended Complaint, plaintiff did obtain state habeas corpus relief regarding the failure of Judge Ables to designate plaintiff's sentence to run concurrently with a separate sentence, that failure does not invalidate the validity of plaintiff's underlying convictions. The Supreme Court's opinion in *Heck* is consistent with well-established Fifth Circuit precedent to the effect that a Section 1983 cause of action for malicious prosecution does not accrue unless and until the underlying criminal prosecution terminates favorably to the plaintiff. *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996); *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, 504 U.S. 965 (1992).

> It is well settled that, under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87, 114 S. Ct. 2364; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000); *Sappington v. Bartee,* 195 F.3d 234, 235 (5th Cir.1999). " *Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' " *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir.1995) (citation omitted). This requirement or limitation has become known as the "favorable termination rule." *Sappington,* 195 F.3d at 235.

*Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).

25

Typically, the burden is met by proving that the state court with jurisdiction has so ruled.  An acquittal, an order of dismissal based on the running of the statute of limitations on the crime or an order of dismissal reflecting an affirmative decision not to prosecute are examples of such a termination.  *A successful writ of habeas corpus may, in some instances, terminate a criminal prosecution in the defendant's favor.*  Even a prosecutor's failure to act on remand will at some point entitle the defendant to an order of dismissal.  However, the reversal of a conviction and remand for new trial is not, in and of itself, a termination. (*Emphasis added*).  Because plaintiff's Section 1983 claims herein are, in part, a form of collateral attack upon the constitutionality of the plaintiff's current incarceration and because the state criminal proceeding that resulted in plaintiff's current incarceration has not been vacated, reversed, or otherwise abrogated, those portions of plaintiff's Section 1983 claims herein which collaterally attack the validity of plaintiff's current incarceration do not state a cause of action cognizable under federal civil rights principles.  Regardless of whether plaintiff exhausts state and federal habeas remedies in his efforts to collaterally attack the legality of his current incarceration, the Supreme Court's holding in *Heck* forecloses him from attempting to use Section 1983 for that purpose: "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."

*Brandley v. Keeshan*, 64 F.3d at 199 (*quoting Heck v. Humphrey*, 512 U.S. at 489).

The Fifth Circuit has broadly construed the Supreme Court's opinion in *Heck* to foreclose any civil rights claim that might result in a judgment that would necessarily imply the invalidity of the plaintiff's conviction.  *Edwards v. Balisok*, 520 U.S. at 646-49; *Heck v. Humphrey*, 512 U.S. at 486-87; *Arvie v. Broussard*, 42 F.3d at 250 (holding that, where a suit brought pursuant to Section 1983 challenges the legality of the plaintiff's conviction, the claim is not cognizable unless the conviction has been invalidated); *Boyd v. Biggers*, 31 F.3d at 282-83 (holding the same).

Plaintiff has alleged no specific facts showing that his conviction in either his Kerr County evading arrest case or his Bandera County conviction for indecency with a child has ever been reversed, vacated, or otherwise abrogated.  Accordingly, insofar as plaintiff's Section 1983 claims attempt to collaterally attack his Bandera and Kerr County state criminal convictions, those claims

are foreclosed by the rule in *Heck*. *DeLeon v. City of Corpus Christi,* 488 F.3d 649, 652 (5th Cir. 2007) ("When a plaintiff alleges tort claims against his arresting officers, 'the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'").

## X. <u>The Statute of Limitations</u>

There is no federal statute of limitations for § 1983 actions. *Hardin v. Straub*, 490 U.S. 536, 538 (1989) ("Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law."); *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d 911, 916 (5th Cir. 2012); *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d at 916; *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. ), *cert. denied*, 534 U.S. 820 (2001). In Texas, the applicable limitations period is two years. *Crostley v. Lamar County, Texas*, 717 F.3d 410, 421 (5th Cir. 2013) ("[T]he limitations period for a § 1983 claim is the same as for personal injury actions in the forum state, which in Texas is two years.").

Insofar as plaintiff's claims in this section 1983 lawsuit seek monetary damages for violations of plaintiff's federal constitutional rights which alleged occurred in March and April of 2004, August, 2005, February, 2007, or December, 2008, plaintiff's claims are barred by the applicable two-year statute of limitations.  Plaintiff's original complaint in this case was signed October 3, 2014 yet the events about which he complains allegedly took place in 2004 through 2008.  Plaintiff alleges no specific facts showing he was unaware of the facts giving rise to any of his claims prior to October 3, 2012 (i.e., the two-year prior anniversary date of the date plaintiff signed his original complaint herein).  Plaintiff is not entitled to recover any monetary damages for alleged violations of his federal constitutional rights which took place prior to October 3, 2012.  Thus, plaintiff's Section 1983 claims herein, including plaintiff's assertions of excessive force during his 2004 arrest and the alleged torture which plaintiff claims occurred during his 2004 and 2005 interrogations, are barred by the applicable statute of limitations.

## XI. Plaintiff's Claims Against Bandera City and County

Plaintiff's claims against Bandera County, the Bandera County Sheriff's Office, and the City of Bandera are not accompanied by any specific facts showing plaintiff's alleged injuries are the results or products of any official municipal or County policy or any longstanding custom attributable to final municipal or county policy-makers.  In order to recover a judgment against a local governmental entity under Section 1983, a plaintiff must establish that he sustained a deprivation of constitutional or other federally-protected rights as a result of some official policy, practice, or custom of that governmental entity.  *Board of County Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04 (1997); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (holding that, for a municipality to be

liable on account of its policy, the plaintiff must show among other things, either (1) the policy itself violated federal law or authorized or directed deprivation of federal rights or (2) the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences); *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). Although occasionally referred to as if they were three distinct creatures, a local governmental entity's official "policies," "practices," and "customs" are really three different terms for those actions which sufficiently bear the imprimatur of a governmental entity's final policy-makers to justify holding the governmental entity responsible therefor. *Board of County Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 404-05 (holding only deliberate conduct by a municipality which actually causes an injury is compensable under Section 1983). Two basic configurations can lead to a municipality's liability under Section 1983 for the acts of its officials: first, a municipality's final policy-makers are held effectively to have made policy or condoned the creation of a custom by knowingly ratifying the unconstitutional or illegal actions of subordinate officers or employees, and, second, the municipality may be held liable for the illegal or unconstitutional actions of its final policy-makers themselves as they engage in the setting of goals and the determination of how those goals will be achieved. *Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991).

An official "policy" is most commonly defined as a policy statement, ordinance, regulation, or decision that is officially adopted or promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy making authority. *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (defining

29

"municipal policy," in part, as a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority); *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002) (holding a "formal policy" is a "statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority"). A municipal "policy" must be a "deliberate and conscious choice" by a municipal policy-maker. *City of Canton v. Harris*, 489 U.S. 378 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (*plurality*); *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 752-60 (5th Cir. 1993). Whereas, an official "custom" or "practice" is most commonly defined as a "persistent, widespread practice of municipal officials or employees," which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such custom or practice must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) ("The City's 'official policies,' however, include any 'persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d at 309 (holding municipal policies include persistent, widespread practices of municipal officials or employees which, although not authorized by officially adopted and promulgated policy, are so common and well settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such customs must be attributable to the municipality's governing body

30

or to an official to whom that body has delegated policy-making authority); *In re Foust*, 310 F.3d at 861-62 (holding a persistent, widespread, practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy will furnish a basis for municipal liability); *McClendon v. City of Columbia*, 258 F.3d 432, 441-42 (5th Cir. 2001) (holding that, in order to demonstrate a municipal policy through custom, the plaintiff must allege a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct or that serious incompetence or misbehavior was general or widespread throughout the police force).

Plaintiff's claims against the Bandera County Sheriff's Office are really claims against Bandera County.  *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978) (local governmental entities are persons subject to suit under Section 1983); *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012) (claims asserted against Sheriff in his official capacity are treated as claims against the municipal entity he represents); *Brown v. Strain*, 663 F.3d 245, 251 (5th Cir. 2011) (claims asserted against Parish Sheriff in his official capacity are "in essence" a suit against the municipality); *De La O v. Housing Authority of the City of El Paso*, 417 F.3d 495, 503 (5th Cir.) (claims against municipal housing authority treated as claims against municipality itself). *cert. denied*, 546 U.S. 1062 (2005).

Plaintiff has failed to allege any specific facts showing that any of the injuries about which he complains in this lawsuit were the products of any official policy, custom, or practice attributable to the municipal entity named as defendants in this lawsuit, i.e., Bandera County or the City of Bandera.

## XII. <u>NOTICE REGARDING FINANCIAL OBLIGATIONS UNDER THE PLRA</u>

Plaintiff's motion for leave to proceed In Forma Pauperis (ECF no. 6), contains sufficient information from which this court can calculate an initial partial filing fee for purposes of the Prisoner Litigation Reform Act's financial responsibility provisions.  Because plaintiff's current balance in his Galveston County inmate trust account is virtually nil, however, this Court will forego imposition of an initial partial filing fee and direct plaintiff's current custodian and future custodians to pay the filing fee by making monthly withdrawals from plaintiff's inmate trust account.

Plaintiff is hereby advised that, **even though this Court has granted plaintiff leave to proceed In Form Pauperis, a prisoner who brings a civil action In Forma Pauperis must pay an initial partial filing fee and then the remainder of the full amount of the $350 filing fee is withdrawn in monthly payments from the prisoner's inmate trust account.**  In this cause, because plaintiff currently has very few financial resources at his disposal, this Court will direct the plaintiff's custodian to make all necessary monthly deductions from plaintiff's inmate trust account required by the PLRA.  Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Plaintiff's motion for leave to proceed In Forma Pauperis, filed October 30, 2014 (ECF no. 6), is **GRANTED** as set forth below.

3. In accordance with the financial responsibility provisions of the PLRA, i.e., Section 804 of the PLRA, now codified at 28 U.S.C. § 1915(b)(2), the plaintiff's current custodian, i.e., the Galveston County Sheriff, and all persons or entities who shall hereinafter take custody of the plaintiff's person shall each month deduct from the plaintiff's inmate trust account and transfer to

the Clerk of this Court an amount equal to twenty percent of the previous month's income credited

to the plaintiff's inmate account until the total payments and transfers directed by this Order shall

reach the sum of three-hundred fifty dollars and zero cents ($350.00); provided that all such

deductions shall be made only when the balance in plaintiff's inmate trust account exceeds ten

dollars.  In the event plain tiff is transferred to another penal or detention facility, the Sheriff of

Galveston County shall forward a copy of this Order to plaintiff's new custodian.

4.  The Clerk shall transmit a copy of this Memorandum Opinion and Order to the Sheriff

of Galveston County, Texas.

5.  All of plaintiff's claims are **DISMISSED** as frivolous and for failure to state a claim for

relief, pursuant to Title 28 U.S.C. Sections 1915(2)(e)(2)(B) and 1915A(b).

6.  All other pending motions are **DISMISSED AS MOOT.**

7.  The Clerk shall transmit a copy of the Memorandum Opinion and Order and the Final

Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S.

District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler,

Texas 75702, so this case may be recorded in the "Three-Strikes List."

SIGNED this 1st day of December, 2014.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE